UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:18-cr-00348-JMS-MPB ) |
| MARK PRICE, | ) ) ) |
| Defendant. | ) |

**ORDER**

The Superseding Indictment in this case charged Defendant Mark Price with one count of Felon in Possession of Ammunition (Count 1) and two counts of Felon in Possession of a Firearm (Counts 2 and 3). [Filing No. 43.] A jury trial in this matter began on February 18, 2020, and at the close of the Government's case, Mr. Price moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a) on all three counts. [Filing No. 78.] The Court denied that motion. [Filing No. 78.] On February 19, 2020, after a two-day jury trial in this matter, the jury reached a unanimous guilty verdict on all counts, and the Court entered convictions consistent with the verdict. [Filing No. 78.] On February 25, 2020, Mr. Price filed a Motion for Judgment of Acquittal or Alternatively, for a New Trial, [Filing No. 83], which is now ripe for the Court's decision.

**I.
STANDARDS OF REVIEW**

**A. Rule 29**

Federal Rule of Criminal Procedure 29 provides that a defendant may move for a judgment of acquittal within 14 days after a guilty verdict or after the Court discharges the jury, whichever is later. It also provides that "[i]f the jury has returned a guilty verdict, the court may set aside the

verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). In sum, Rule 29 "permits a defendant to move for a judgment of acquittal even after a guilty verdict is entered if he does not believe the evidence is sufficient to sustain a conviction." *United States v. Torres-Chaves*, 744 F.3d 988, 993 (7th Cir. 2014).

"When faced with a Rule 29 motion, a court asks 'whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis omitted). The Court defers to the credibility determinations of the jury and "will over-turn a conviction on sufficiency-of-the-evidence grounds only if no rational jury could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hopper*, 934 F.3d 740, 754 (7th Cir. 2019) (quotation and citation omitted). "A defendant's burden in showing the evidence was insufficient to support a conviction is indeed a high one." *Id.* (citing *United States v. Rollins*, 544 F.3d 820, 835 (7th Cir. 2008)); *see also Torres-Chaves*, 744 F.3d at 993 (given the applicable standard, "[t]he movant faces a nearly insurmountable hurdle") (citation omitted)).

### B. Rule 33

Federal Rule of Criminal Procedure 33 provides that a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A new trial is warranted 'where the evidence preponderates so heavily against the defendant that it would be a manifest injustice to let the guilty verdict stand.'" *United States v. Conley*, 875 F.3d 391, 399 (7th Cir. 2017) (quoting *United States v. Reed*, 875 F.2d 107, 114 (7th Cir. 1989)).

## II.
### DISCUSSION

In his Motion, Mr. Price argues that the Government did not introduce evidence sufficient for a rational jury to convict him of being a felon who knowingly possessed ammunition and firearms. [Filing No. 83.] Mr. Price makes specific arguments for each of the three counts, which the Court will address in turn.

**A. Count 1**

First, Mr. Price contends that he is not a prohibited person for purposes of Count 1 because his civil rights were partially restored after he was released from prison for his prior felony conviction(s) and his parole officer explained his rights in a meeting they had where Mr. Price signed a Conditional Parolee Release Agreement (the "Agreement"), which did not specifically state that Mr. Price was prohibited from possessing ammunition. [Filing No. 83 at 5.] Mr. Price relies on *United States v. Burnett*, 641 F.3d 894 (7th Cir. 2011), and other Seventh Circuit cases regarding restoration of rights, and argues that the Agreement was a formal way of advising him of his civil rights. [Filing No. 83 at 6.] Mr. Price argues that "the testimony of the parole officers coupled with Mr. Price's testimony clear[s] the hurdles to assert Mr. Price believed his civil rights were partially restored and that restoration included the right to possess ammunition." [Filing No. 83 at 8.]

In its response, the Government first distinguishes the cases on which Mr. Price relies, and then argues that Mr. Price failed to produce evidence showing that his rights were restored. [Filing No. 84 at 4.] The Government further contends that Mr. Price cannot rely on the Agreement because it could only apply to one of his two prior felony convictions, so he would still have one conviction that would provide the basis for a charge of Felon in Possession of Ammunition. [Filing

No. 84 at 4-5.] Further, the Government argues, the Agreement prohibits all criminal conduct, so Mr. Price's argument regarding the document's failure to mention the prohibition of possessing ammunition fails. [Filing No. 84 at 5.]

Mr. Price did not file a reply.

18 U.S.C. § 922(g) provides:

> It shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 921(a)(20) states that

> [w]hat constitutes a conviction of [a "crime punishable by imprisonment for a term exceeding one year"] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

The Seventh Circuit has "held that a defendant has had his civil rights restored for the purposes of § 921(a)(20) when he has had restored his rights to vote, hold office, and serve on a jury." *United States v. Gillaum*, 372 F.3d 848, 860 (7th Cir. 2004) (citing *United States v. Williams*, 128 F.3d 1128, 1134 (7th Cir. 1997)). The Seventh Circuit has also recognized the principle that "a state may not employ language discharging a prisoner that will lull the individual into the misapprehension that civil rights have been restored to the degree that will permit him to possess firearms." *United States v. Vitrano*, 405 F.3d 506, 510 (7th Cir. 2005).

Mr. Price argues that the Agreement and his discussions with his parole officer regarding his rights led him to believe that his civil rights were partially restored, including the right to possess ammunition, and because the Agreement did not expressly state that Mr. Price was

4

prohibited from possessing ammunition, he should not be convicted of being a felon in possession of ammunition. [Filing No. 83 at 8.] This is "essentially an affirmative defense to a criminal charge under 18 U.S.C. § 922(g)(1), and therefore, "[i]t is a defendant's responsibility to raise this issue and to produce evidence showing that his civil rights have been restored before the matter may be presented to the jury for resolution." *United States v. Foster*, 652 F.3d 776, 791 (7th Cir. 2011).

The cases on which Mr. Price relies are distinguishable from the circumstances presented here because those cases involved defendants who received formal written notices that certain rights had been restored after their obligations to the respective departments of correction or probation departments had ceased. Here, Mr. Price was on parole when he received the Agreement and when he committed the instant offense. The Agreement does not address the rights to vote, hold public office, or serve on a jury (*i.e.*, the "big three" civil rights), so the Agreement does not constitute restoration of Mr. Price's civil rights for the purposes of 18 U.S.C. § 921(a)(20). *Williams*, 128 F.3d at 1134 ("We have held before that failure to restore the rights to vote, hold public office, or serve on a jury precludes a finding of sufficient restoration of rights."). Therefore, the Agreement's omission of express language regarding the prohibition of possessing ammunition does not affect Mr. Price's status as a prohibited person for the purposes of 18 U.S.C. § 922(g). Mr. Price has not presented any evidence that his civil rights were restored, by the Agreement or otherwise. Further, even if Mr. Price believed that the Agreement restored his civil rights, his subjective belief is insufficient because restoration is judged by an objective standard—"one that depends on the content of the communication." *Burnett*, 641 F.3d at 895-96. Finally, as noted by the Government, the Agreement provided that all criminal conduct was prohibited, so the lack of

an express prohibition of possession of ammunition does not mean that Mr. Price's conduct was acceptable or excusable.

For these reasons, Mr. Price's motion as to Count 1 is denied.

**B. Count 2**

Count 2 was based on the discovery of a pistol located in the center console of a vehicle Mr. Price was driving, which was owned by Telisa Cockrell, who lived with Mr. Price and is the mother of his children. [Filing No. 83 at 9.] Mr. Price drove the vehicle to the gun store with a passenger—not Ms. Cockrell—accompanying him, who was not called as a witness during the trial. [Filing No. 83 at 9.] Mr. Price argues that without the testimony of the passenger, "it seems highly unlikely that the government can show Mr. Price knew the firearm was inside the vehicle, or that he knowingly had the power and intention at a given time to exercise dominion and control over the pistol." [Filing No. 83 at 9-10.] Mr. Price argues that the passenger could have explained whether she observed Mr. Price place the pistol into the center console or open the center console, and therefore, whether he had knowledge that the pistol was in the vehicle. [Filing No. 83 at 9.]

In its response, the Government sets forth the evidence it presented at trial that it believes was sufficient to allow a rational jury to convict Mr. Price on Count 2. [Filing No. 84 at 5-6.] The Government also argues that there is nothing in the record that provides a basis for a new trial. [Filing No. 84 at 7.]

In order to support a conviction for felon in possession of a firearm, the Government must prove: (1) the defendant's status as a prohibited person (here, a person who has previously been convicted of a crime punishable by imprisonment for more than one year); (2) possession; (3) of a firearm or ammunition; and (4) jurisdiction ("in or affecting commerce"). *United States v.*

*Jackson*, 784 F. App'x. 946, 949 (7th Cir. 2019) (citing *Rehaif v. United States*, 139 S. Ct. 2191, 2195-96 (2019)). The parties stipulated that at the time of the offense, (1) Mr. Price had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and (2) Mr. Price knew that he had been convicted of a crime punishable by imprisonment for more than one year. [Filing No. 78-1 at 17; Filing No. 78-1 at 21.] The element of possession can be met by proving that the defendant had "constructive possession," which means the defendant "still ha[d] the power and intent to exercise control over the object," though the defendant lacked physical custody of the object. *Henderson v. U.S.*, 135 S. Ct. 1780, 1784 (2015). "Possession may be sole or joint. . . . An individual may possess a firearm even if other individuals may have access to a location where possession is alleged. Also, an individual may possess a firearm even if other individuals share the ability to exercise control over the firearm." *United States v. Thornton*, 463 F.3d 693, 696 (7th Cir. 2006). "Section 922(g) thus prevents a felon not only from holding his firearms himself but also from maintaining control over those guns in the hand of others." *Id.*

    The Court finds that the Government presented sufficient evidence for a reasonable jury to conclude that Mr. Price possessed the .40 caliber pistol that is the subject of Count 2. While not intended to be an exhaustive summary of all of the evidence the Government presented to support the conviction, the Court finds that the following evidence was sufficient for a rational jury to conclude beyond a reasonable doubt that Mr. Price knowingly possessed the pistol: Mr. Price purchased ammunition for a .40 caliber pistol; during the purchase, he made statements about "his forty"; and, the pistol was in the center console of the vehicle he was driving when he was arrested. Although there was no evidence presented regarding Mr. Price holding the pistol, the evidence the Government presented was sufficient for a rational jury to conclude beyond a reasonable doubt that he constructively possessed the firearm. Accordingly, his motion as to Count 2 is denied.

### C.  Count 3

Count 3 was based on Mr. Price's possession of a .223 caliber rifle.  Mr. Price contends that the Government failed to show the required nexus between Mr. Price and the rifle, because although the firearm was found on the property where he was residing, he did not have exclusive control over the property so he could not have constructively possessed the rifle.  [Filing No. 83 at 11-12.]  The rifle was located in a different vehicle, owned by Ms. Cockrell, which was parked on the property that Mr. Price shared with his children and Ms. Cockrell, and the rifle was wrapped up and not visible in the back seat of the vehicle.  [Filing No. 83 at 10-11.]  The rifle was checked for DNA and fingerprints, but neither was returned as positive to Mr. Price.  [Filing No. 83 at 11.]  Mr. Price also argues that his initial motion to suppress, [Filing No. 59], should have been granted because he believes "that the parole officers [who located the rifle] were used as investigative tools for ATF agents thereby not needing probable cause to get a warrant to search both the vehicle and his residence."  [Filing No. 83 at 3.]

In its response, the Government sets forth the evidence it presented at trial that it believes was sufficient to allow a rational jury to convict Mr. Price on Count 3.  [Filing No. 84 at 5-6.]

Similar to Count 2, the Court finds that a rational jury could conclude that Mr. Price constructively possessed the .223 caliber rifle that is the subject of Count 3.  The Government presented evidence showing that Mr. Price ordered a special magazine for the rifle and, when he received the magazine, he contacted the gun store to complain that the magazine did not work.  The rifle was discovered concealed in a vehicle to which Mr. Price had access, which was on the property where he resided.  Also discovered were multiple rounds of .223 caliber ammunition in Mr. Price's home.  Based on this evidence, which must be viewed in the light most favorable to

8

the Government, the Court finds that a rational jury could have found beyond a reasonable doubt that Mr. Price possessed the .223 rifle.

Although not discussed in detail, Mr. Price also raises the argument that his previous motion to suppress, [Filing No. 59], should have been granted because he believes "that the parole officers were used as investigative tools for ATF agents thereby not needing probable cause to get a warrant to search both the vehicle and his residence." [Filing No. 83 at 3.] The Court previously found that the parole officers had a reasonable belief that Mr. Price, who was on parole at the time of the search, had committed a crime and, therefore, it was reasonable for them to search Mr. Price's residence and property that was within his control, including the vehicle on the property. [Filing No. 59 at 11.] *See also Samson v. California*, 547 U.S. 843, 851-51 (2006) ("[P]arolees have severely diminished privacy expectations by virtue of their status alone."); *United States v. Caya*, 2020 WL 1887680, at *4 (7th Cir. Apr. 16, 2020) ("If, as *Samson* holds, a no-suspicion search of a parolee is constitutionally permissible, so too [a search]—predicated on reasonable suspicion—is constitutionally permissible."). Mr. Price has not demonstrated that this Court's prior ruling should be disturbed.

For these reasons, Mr. Price's motion as to Count 3 is denied.

### III.
### CONCLUSION

The Government presented sufficient evidence at trial such that a rational jury could conclude beyond a reasonable doubt that Mr. Price knowingly possessed ammunition and firearms. Because of that evidence, the Court finds that neither a judgment of acquittal nor a new trial is warranted. Mr. Price's Motion for Judgment of Acquittal or Alternatively, for a New Trial, [83], is **DENIED**.

Date: 5/4/2020                    *[signature: Jane Magnus-Stinson]*

                                              Hon. Jane Magnus-Stinson, Chief Judge
                                              United States District Court
                                              Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**